UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                                       Case No.:  2:21-cr-103-KCD

DANZAVIERAN DURAND
THURMAN,

      Defendant.

_____/

## **ORDER**

Defendant Danzavieran Duran Thurman moves the Court to "accept [his] compassionate release." (Doc. 101.) For the reasons below, the motion is **DENIED**.

"The law is clear that [a] district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). A statutory exception exists for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Under this exception, a district court may grant compassionate release after determining that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) sentencing factors favor a reduction. *Id.*

After reviewing the applicable law and facts presented, the Court finds that Thurman has demonstrated no extraordinary and compelling reason warranting a modification of his sentence. Thurman starts by noting that he finished "half of [his] sentence" and completed at least "6 programs." (Doc. 101 at 1.) Even if true, these facts are not enough. "A defendant's rehabilitation, by itself, is not an extraordinary and compelling reason[.]" *United States v. Guyton*, 859 F. App'x 435, 437 (11th Cir. 2021).

Thurman also claims that prison is violent—he was "stabbed twice," with several other deaths reported in the last three years. (Doc. 101 at 1.) These uncorroborated allegations are likewise not enough. *See, e.g.*, *United States v. Traweek*, No. CR H-13-712, 2025 WL 1490306, at *2 (S.D. Tex. May 23, 2025); *United States v. Nichols*, No. 14-CR-177-JPS-JPS, 2022 WL 2817514, at *1 (E.D. Wis. July 19, 2022) ("While [a] Court [may be] sympathetic to the poor conditions many prisoners have faced[,] generalized statements about the conditions of confinement do not constitute compelling reasons for compassionate release.").

Finally, Thurman cites the many troubles his mother has experienced since his incarceration, including attempted suicide, loss of a child, and hospitalization for diabetes. (Doc. 101 at 1.) While "family circumstances" may constitute an extraordinary and compelling reason to grant compassionate release, only certain events qualify: "(i) The death or

2

incapacitation of the caregiver of the defendant's minor child or minor children; (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *United States v. Lozano*, No. 8:18-CR-00202-CEH-CPT, 2023 WL 7132101, at *4 (M.D. Fla. Oct. 30, 2023). Thurman's arguments do "not fall within the list of family circumstances that justify compassionate release." *United States v. Ivanov-Tolpintsev*, No. 23-10648, 2024 WL 36553, at *2 (11th Cir. Jan. 3, 2024).

Ultimately, the Court agrees with the Government that Thurman should not be released from prison after serving just over half of his sentence. Section 3553(a) requires imposing a sentence that, among other things, reflects the seriousness of the crime, promotes respect for the law, and provides just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). Thurman is a seven-time convicted felon who is imprisoned for illegally possessing a firearm. Releasing him now would result in a punishment that accomplishes none of § 3553's stated goals.

**ORDERED** in Fort Myers, Florida on September 16, 2025.

Kyle C. Dudek
United States District Judge

3